(24 Misc. Rep. 456.)

### In re MAY'S ESTATE.

(Surrogate's Court, New York County. August, 1898.)

PROBATE—PROCEEDING AGAINST ESTATE OF CO-EXECUTOR FOR MISCONDUCT — LIMITATIONS.

    Code Civ. Proc. § 405, provides that, if an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance and dismissal of the complaint for neglect to prosecute the action, or by a final judgment on the merits, plaintiff may commence a new action for the same cause within a year after such reversal or termination. Section 414, subd. 4, provides

that the word "action," as used above, may be construed as including a special proceeding or any proceeding therein. *Held* applicable where, in a petition by executors for the final settlement of their accounts, the decree rendered therein was afterwards opened as between the executors and a co-executor to enable the former to procure a determination as to the liability of the latter for the loss which it was claimed the estate had sustained by his misconduct, where the latter died pending the inquiry, and a proceeding under Code Civ. Proc. § 2606, was commenced against his representatives within a year from his death.

Proceeding under Code Civ. Proc. § 2606, by the surviving executors of Herman Schlesinger, deceased, against the executors of a deceased co-executor, to determine the liability of the estate of the latter for his misconduct in office. Application for a compulsory accounting. Granted.

Gruber & Bonynge, for petitioners.
M. S. & I. S. Isaacs, for respondents.

FITZGERALD, S. The petitioners were parties to a proceeding brought by the executors of Herman Schlesinger, deceased, for the judicial settlement of their accounts. A decree was entered in such proceeding, which was subsequently, pursuant to the decision of the general term of the supreme court, opened as between the petitioners and one of the executors, for the purpose of enabling the former to procure a determination as to the liability of the latter for the loss which it was claimed the estate he represented had sustained by reason of his misconduct. He died pending the inquiry required by the decision mentioned, and this proceeding was thereafter commenced against the representatives of the deceased executor, under section 2606 of the Code of Civil Procedure, for the purpose of fixing and determining the liability of the estate of the latter for such loss. The respondents have attempted to avail themselves of the statute of limitations as a bar to the proceeding by orally interposing the same upon the hearing and in their brief, but without filing any written answer in respect to the same. Assuming that they can thus avail themselves of the statute, there are nevertheless no facts before the court from which it can say that the plea thereof is effective as a bar, even if the limit of the time prescribed by the statute had fully run. But it seems to me that such time has not fully run. Section 414, subd. 4, makes applicable to this court, in appropriate cases, the provisions in respect to the limitations of the time of commencing actions contained in chapter 4 of the Code of Civil Procedure. Sections 405 and 412, which form part of this chapter, provide for the extension of the time of the running of the statute for the periods given and in the cases therein prescribed. Section 405 declares:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

Subdivision 4 of section 414 says that the word "action" contained in this chapter is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein. In those two sections will be found, I think, sufficient warrant for holding that the present proceeding, which is a special proceeding and has been begun within a year after the death of the executor, has not been barred by the statute of limitations. Owing to the nature of its provisions, and the difficulty of detecting an analogy or similarity between the situations therein provided for and those existing in the present case, section 412' does not seem to me to be here applicable. Section 405 presents, I think, no such embarrassment. Although the present applicants were not the petitioners in the proceeding to which the deceased executor was a party, by their contention therein of the liability of such executor for the loss which it is claimed he had occasioned, their attitude in that proceeding was substantially, if not exactly, the same as that of a plaintiff in an action seeking the same relief. The deceased executor was, at the time of his death, in fact and effect, the only party respondent to the proceedings which the general term authorized against him, and I am satisfied that his death terminated and abated these proceedings. Herbert v. Stevenson, 3 Dem. Sur. 236; In re Charriere's Estate, Sur. Dec. 1897, p. 551. While they were pending, no other proceeding could have been commenced by the present petitioners for the relief obtainable in such proceedings. Within six months after the death of the executor, whose representatives are the respondents herein, this proceeding was begun; and I think that section 405, which permits the bringing of an action in certain cases within one year after it has terminated, has enabled the petitioners to maintain this proceeding. Application granted.